THE STATE of Delaware upon the Relation of OXY-HYDROGEN COMPANY of the State of Delaware, and JOHN EDWARD ADDICKS, vs. WILLIAM SIMMONS, AYERS S. WEBSTER and JAMES D. CARTER, constituting the BOARD OF DIRECTORS OF THE STREET AND SEWER DEPARTMENT OF THE CITY OF WILMINGTON.

*Mandamus—Defective Writ—Co-relators—Subject Matter; Interest therein—Different Subjects—Legal Right to Relief.*

1. Where a corporation is authorized by its charter to open streets etc., and makes an agreement with another person to do the work, such person is but a contractor, and cannot be joined in mandamus proceedings with the corporation. The interest of the co-relators must be joint and common in the subject matter.

2. There cannot be joined together in one writ different subjects (as the opening of four streets), when each subject has different features and conditions; and they are not successive and necessary steps of one proceeding for relief, but each a different and separate cause of action.

3. A writ which asks for a permit to open all the streets and highways of the city in the future, " where, when and as its business may make it necessary," under conditions not yet ascertained or ascertainable; is vague, indefinite and impossible of enforcement. In order to secure relief by way of mandamus, there must be a clear, legal right existing in the relator at the time of the application, so as to raise a corresponding duty on the part of the respondent that may be enforced.

(*Sept. 25, 1901.*)

LORE, C. J., and BOYCE, J., sitting. (SPRUANCE, J., not sitting by reason of having been counsel in the case).

*Herbert H. Ward* and *C. Berkeley Taylor* for relators.

*William S. Hilles* and *Arthur W. Spruance* for respondents.

Superior Court, New Castle County, September Term, 1901.

MANDAMUS (No. Nov. Term, 1900).

The successive steps taken in the above stated case were as follows:

Petition filed Dec. 22d, 1900.

Order for rule to show cause, signed by the Court, Dec., 22d, 1900. Rule issued Dec. 29th, 1900.

Feb. 5, 1901, on motion of attorney for petitioner, rule for alternative writ granted, returnable February 23d, 1901.

February 8th, 1901, alternative writ issued.

February 23d, 1901, motion to quash alternative writ with reasons assigned, filed.

March 1st, A. D. 1901, on motion of Herbert H. Ward, attorney for petitioner, leave granted to amend original petition, rule to show cause and alternative writ.

March 19th, A. D. 1901, amended petition, amended rule to show cause and amended alternative writ filed.

February Term 1901, continued to June 24th, 1901.

March 25th, 1901, motion to quash alternative writ filed.

LORE, C. J. :—This is a motion to quash the alternative writ of mandamus issued in this case.

The twenty grounds set out in support of the motion may be summarized as follows:

1. That no proper demand has ever been made by the relator for the performance of the thing sought to be enforced by the writ.

2. Misjoinder of parties as relators.

3. That the writ is bad for duplicity.

4. That the writ itself is inconsistent, uncertain and the mandatory part thereof is not single.

5. That the relief sought has been lost by laches of the relators as to Monroe and Shipley streets.

The relief asked for and expressed in the mandatory part of the writ, is to compel the respondents, who constitute the Board of

Directors of the Street and Sewer Department of the City of Wilmington, to grant the Oxy-hydrogen Company, one of the relators, a permit to do the following things:

1.   To open the bed of Shipley Street in said City of Wilmington, " for the purpose of laying gas pipes therein."

2.   To open and excavate the bed of Monroe Street in said city, " for the purpose of laying gas pipes therein."

   *  3.   To open the bed of Liberty Street in said city, "for the purpose of laying gas pipes and mains therein."

4.   To open and excavate the bed of streets and highways of the said city, "where, when and as its business may make it necessary, for the purpose of laying pipes and conductors therein, to sell and distribute its gas to the public and inhabitants of said City, under and subject to such reasonable regulations as said defendant may prescribe, or the ordinances of said city may determine."

The right to relief is founded upon the provision of the charter of the Oxy-hydrogen Company passed at Dover April 3d, 1871, which is as follows:

" That the said corporation is hereby empowered to lay pipes and conductors, with all appurtenances thereto, and to erect the necessary posts and lights in any and all the roads, streets, highways and public grounds in the State of Delaware.   And to do all things necessary for the purpose of lighting the same, and all dwellings, stores, mines, tunnels and other places.   Provided, that public travel shall not be unreasonably and unnecessarily obstructed thereby.   And said corporation shall put such streets, roads, highways and public grounds in as good condition as the same were before laying said pipes and erecting said posts."

It will be observed by the charter that the right to open streets, etc., is conferred on the company only.

It is objected, that the joinder of J. Edward Addicks with the

company as co-relator is a misjoinder of parties and fatal to the writ.

The relation of Addicks to the company is, that under date of August 9, 1890, he made an offer to the company to build for it complete gas works in said City of Wilmington, for the sum of $300,000, in the bonds and $500,000 in the stock of the company at par; the company to guarantee to him free and unrestricted access to the streets for the purpose of laying pipes. This offer was accepted by the company. The right of Addicks, therefore, on the face of the writ seems to be that of a contractor, upon a contract made with the company alone. He is like any other contractor or employee. His right is that of contract with the company, and to be enforced only against the company. To this contract the respondents are in nowise parties nor in any manner liable thereunder.

We are at a loss to see in what way he has acquired rights against the respondents, or what duty they owe to him that will entitle him as a co-relator to this remedy.

It is an elementary principle that the interests of co-relators in mandamus proceedings must be joint and common in the subject matter.

The cases cited by counsel for the relators, viz., *Dist. vs. Rhodes, 88 Iowa, 570; State vs. McIvor, 2 S. Car., 25; People vs. Supervisors, 85 N. Y., 323; Lee County vs. The State, 36 Ark., 276;* when examined do not contravene this principle. In each of these cases there seems to be the element of joint and common interest in the subject matter, independent of mere contract rights.

It would seem, therefore, that Addicks was improperly joined with the company as a relator, and for that reason the writ is bad.

It is further objected, that the writ is bad for duplicity.

The relief asked for in the language above detailed embraces four subjects, viz. :

1.   The opening of the bed of Shipley Street.

2. The opening and excavating of the bed of Monroe Street.

3. The opening of the bed of Liberty Street.

4. The opening and excavating of the bed of all the streets of the said city.

Each subject has peculiar features, and contains conditions different from the other. They are not four successive and necessary steps of one procedure for relief, but each one is a distinct and separate cause of action in itself, and may not be joined together in one writ.

The relief asked for cannot be granted for the four combined, inasmuch as they are separate and inconsistent. It may not be granted for a part of them and disregard the rest. There is no line of separation or warrant of law for such course.

Again; clause four of the mandatory part of the writ, is for a permit for said company " to open and excavate the bed of streets and highways of the said city, where, when and as its business may make it necessary, for the purpose of laying gas pipes and conductors therein, to sell and distribute its gas to the people and inhabitants of the said city under and subject to such reasonable regulations as said defendants may prescribe, or the ordinances of said city may determine."

This clause is vague, indefinite and impossible of enforcement. It asks for a permit for the company, to open all the streets and highways of the city in the future; " where, when and as its business may make it necessary;" under conditions not yet ascertained or ascertainable. This would tie up for the future the hands of the Board of Directors of the Street and Sewer Department of the city, and put the streets, health and convenience of the entire city at the mercy of the company if it should be left to its discretion to determine upon the necessity. If it may not so decide, then who is to determine the existence of such necessity, or the conditions, time and place for such work covering the future.

It is a fundamental requisite to the granting of this relief that

there shall be a clear legal right existing in the relator, so as to raise a corresponding duty on the part of the respondents; one that may be enforced. The right must exist at the time of the application. The conditions must be then ascertained and fixed. They may not be projected into the future or be floating and indefinite depending upon unknown contingencies. It is for the Court to pass upon this right in all it phases. The right must be clearly defined before this remedy will be applied. The time, place and necessity for the work, the conditions surrounding it, the reasonableness of the regulations and ordinances, are all for the consideration of the Court at the time the writ is ordered.

Manifestly these requisites are impossible when the conditions are all in the womb of the future, depending entirely upon the rights and necessity yet to be developed.

For these reasons, clearly, this writ ought to be quashed.

With this conviction, we deem it unnecessary to pass upon the other objections raised, viz., the want of proper demand upon the respondents before the writ was asked for, and the loss of the right to relief as to Monroe and Shipley streets by the laches of the relators.